WATSON vs. BRIGHAM et al.

In a partition suit commenced by summons and notice, where any of the Defendants do not answer within the time prescribed by the code, (§ 107) it is unnecessary to enter an order for their *default* in not answering.   The Plaintiff is entitled to the relief asked for in and according to his notice, upon failure to answer.

*Albany Special Term, Aug.* 1848.—Mr. Bulkley moved for an order entering the default of some of the Defendants on whom a summons and notice had been served in a partition cause.   The proceedings were commenced after the 1st day of July last.

HAND, Justice.—The 390th section of the code is rather obscure in some of its provisions.   But, as the § 109 expressly recognizes proceedings in

partition under the code, I think there can be no doubt a summons is now the proper mode of proceeding. A short reading of the 390th§, so far as applicable to suits for partition would be : " Until the legislature shall otherwise provide, the code shall not affect any proceedings provided for by title 3d of chap. 5 of part 3d of the Revised Statutes, entitled ' Of the partition of lands owned by several persons,' except that when in consequence of any such proceedings a civil action shall be brought, such action shall be conducted in conformity to this act; and except also that where any particular provision of the titles and chapters enumerated in this section shall be plainly inconsistent with this act, such provisions shall be deemed repealed." It is not clear what was meant by bringing an action " in consequence of any such proceedings." It could not be an action of ejectment, after partition, for this would have been so, as a matter of course. The more reasonable construction, and which is rendered more certain by the 109th § is, that the proceedings are to be conducted as suits under the code, except that when they are not provided for in that, the former statutes remain in force.

But, though the entry of a default for want of an answer may be harmless, yet it appears to be unnecessary in proceedings under the code. The summons requires the Defendant to answer within twenty days, (107th §) and it specifies the day the Plaintiff will apply to the court for relief (unless the action be on a contract for the recovery of money only, §108,) and that Defendant must answer, &c., within 20 days, is repeated in explicit terms in §121; and if he fail to answer, the Plaintiff on the day specified, is entitled to the relief asked for. (§202.) And see §114, where the summons is not received by Defendant. And the time within which the Defendant must answer can be enlarged by a judge. (§366.) Whether the judge has power under this section to give additional time after the period prescribed has entirely elapsed, it is not necessary now to inquire. If he has, it is very questionable whether the entry of a default would stand in the way.

The time to answer is now fixed by statute, and the practice, in this respect, no longer has the flexibility of the former practice. When the statute limits the time for doing an act, that must be obeyed. The 389th§ of the code retains the present rules and practice of the courts, where not inconsistent therewith, subject to modification by the courts as heretofore. But if the statute limits the time to answer, the claim of a right to answer after that time is inconsistent with the code. The court has the power to enter this order, if counsel think it important, and it can do no injustice to the Defendant; but it seems to me quite unnecessary.